UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| Versus | NO: 08-00071 |
| CALVIN EFFRON | SECTION: "F" |

<u>ORDER AND REASONS</u>

Before the Court is Calvin Effron's motion for return of property. For the reasons that follow, Effron's motion is DENIED.

<u>I. Background</u>

Calvin Effron is currently incarcerated. He was convicted in August 2008 of distributing heroin, possessing a firearm in furtherance of a drug trafficking crime, and being a felon in possession of a firearm. This Court sentenced Effron to thirty years incarceration in December 2008. Following appeal to the Fifth Circuit, the Court re-sentenced Effron to thirty years. Effron appealed his new sentence, and in February 2011 the Fifth Circuit affirmed.

On September 20, 2011, Effron filed a motion to return property. Effron alleges that the United States seized various items while searching his home pursuant to a search warrant in March 2008. Effron asks for the return of $13,020 in U.S. currency, two gold necklaces, a Cartier watch, a Freeze watch, a gold bracelet, a diamond ring, a pair of diamond earrings, a

1

Boost mobile phone, an iPhone, and various personal pictures.

## II. Discussion

Because Effron's criminal prosecution has ended, he can no longer bring a motion for return of property under Federal Rule of Criminal Procedure 41(g). <u>Bailey v. United States</u>, 508 F.3d 736, 738 (5th Cir. 2007)("Because Bailey's criminal case had concluded, the court properly construed it as a civil complaint under the court's general equity jurisdiction under 28 U.S.C. § 1331."). The Court therefore considers Effron's motion as a civil motion.

Effron's motion to return property is untimely. Congress has established an administrative procedure for the forfeiture of property to the United States, which provides a notice and challenge mechanism. First, the Drug Enforcement Agency must publish notice of the administrative forfeiture and send notice to "each party who appears to have an interest in the seized article." <u>Kadonsky v. United States</u>, 216 F.3d 499, 503-503 (5th Cir. 2000)(citing 19 U.S.C. Section 1607(a)). Anyone who receives a notice of the forfeiture has twenty days to challenge it. <u>Id.</u> (citing 19 U.S.C. Section 1608). If no challenges are filed, the property is forfeited to the United States. <u>Id.</u> (citing 19 U.S.C. Section 1609).

The United States submits evidence to show that a notice of forfeiture was sent to Calvin Effron at Orleans Parish Prison.

Effron accepted delivery of the notice as shown by his signature. Further, the DEA sent notice of the seizure to Effron's attorney. Also, the notice of seizure was also published for three consecutive weeks in the Wall Street Journal.  The various notices were sent out by the end of April 2008.  Despite these notices, Effron failed to file a claim within twenty days, as required by law.  Effron's motion to return property is therefore untimely.

    The United States notes that only the currency and jewelry were forfeited to the United States.  The DEA may return the cellular telephones and personal pictures to Effron, if he or his representative contacts the appropriate agency.

    Accordingly, IT IS ORDERED: the motion is DENIED.

                      New Orleans, Louisiana, November 9, 2011

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE