UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES | CRIMINAL ACTION |
| VERSUS | NO. 08-71 |
| CALVIN EFFRON | SECTION F |

## ORDER AND REASONS

Before the Court is Calvin Effron's 28 U.S.C. § 2255 motion to vacate, set aside, or correct a sentence. For the reasons that follow, Effron's motion is DENIED.

## Background

On August 4, 2008, a jury convicted petitioner, Calvin Effron, of five counts of distributing heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C); one count of possession with intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C); one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 942(c)(1)(A); and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 924(c)(1)(A). The presentencing report classified Effron as a career offender based on two prior Louisiana felony manslaughter convictions, but alternatively stated that if Effron were not a career offender, his offense level would be calculated as 26 and his criminal

1

history as category III, resulting in an alternate guideline range of 78-97 months. He also faced a consecutive 60-month sentence for the § 942(c) conviction.

This Court sentenced Effron to 360 months in prison on December 11, 2008. Effron appealed his sentence, claiming that the district court relied solely on the PSR to sentence him as a career offender, and that the district court admitted expert testimony from a lay witness at trial. On July 23, 2009, upon joint motion of the parties, the Fifth Circuit vacated the sentence and remanded for supplementation of the record and resentencing.

On remand, the government supplemented the record with documents from Orleans Parish Criminal District Court regarding Effron's two Louisiana manslaughter convictions. The first conviction resulted from the shooting death of Brian Vance. Forty-eight days after Effron was arrested for the shooting of Vance, he was arrested for killing a man with a baseball bat who was trying to break up a fight Effron was having with another individual over his refusal to sell cocaine to a woman. The facts regarding Effron's second manslaughter conviction in Orleans Parish Court were undisputed, and Effron did not contend that the conviction was not a crime of violence for career offender purposes.

On October 29, 2009, this Court resentenced Effron to 360

months, finding that regardless of whether Effron was a career offender as defined by the guidelines, the Court's sentence would be the same. The Fifth Circuit subsequently affirmed the 360 month sentence on appeal.

Effron now moves the Court for post-conviction relief pursuant to 28 U.S.C. § 2255, asserting four ineffective assistance of counsel claims.[1]

## I. Discussion

### A.

A petitioner may file a habeas corpus petition pursuant to 28 U.S.C. § 2255, claiming a right to release from custody on the ground that a sentence ordered by a federal court "was imposed in violation of the Constitution or the laws of the United States." 28 U.S.C. § 2255. The Court "may entertain and determine such motion without requiring the production of the prisoner at the hearing." Id. The Court finds that the record is adequate to address the petitioner's claims and to dispose of them as a matter of law. Accordingly, no evidentiary hearing is necessary. See United States v. Walker, 68 F.3d 931, 934 (5th Cir. 1995)("[I]f on th[e] record we can conclude as a matter of law that [the petitioner] cannot establish one or both of the

---

[1] The government requests that the Court deny the petitioner's motion without an evidentiary hearing because Effron fails to state a claim that satisfies the two-prong Strickland v. Washington standard.

elements necessary to establish his constitutional claim, then an evidentiary hearing is not necessary . . . .").

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." <u>United States v. Gaudet</u>, 81 F.3d 585, 589 (5th Cir. 1996)(internal quotation marks omitted). A claim that counsel failed to render effective assistance is a constitutional inquiry properly raised by a motion to vacate sentence. <u>See</u> <u>United States v. Walker</u>, 68 F.3d 931, 934 (5th Cir. 1995)(noting that a claim of ineffective assistance of counsel gives rise to a constitutional issue cognizable under section 2255). Here, Effron asserts that both his trial counsel and resentencing counsel rendered ineffective assistance. The government opposes Effron's motion, contending that the ineffective assistance of counsel claims raised in the § 2255 petition fail to satisfy <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). The Court now addresses the merits of Effron's habeas petition

*B.*

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." U.S. Const. art. VI. The Sixth Amendment guarantees a

criminal defendant the effective assistance of counsel, both at trial and on appeal. Strickland, 466 U.S. 668.

Ineffective assistance of counsel claims are reviewed under Strickland's familiar two-prong standard, which requires that the defendant "show that counsel's performance was deficient" and that "the deficient performance prejudiced the defense." 466 U.S. 668, 687 (1984). Under the deficient performance prong, the Court considers whether "counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed...by the Sixth Amendment"; counsel's conduct must be reviewed "on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. In other words, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness" measured according to "prevailing professional norms." See id. at 688. The prejudice prong requires the defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694 (noting that the petitioner must demonstrate that "counsel's errors were so serious as to deprive the petitioner of a fair trial"). "A reasonable probability is a probability sufficient to undermine confidence in the outcome [of a criminal trial]." Id. Significantly, "[t]his is a heavy burden which requires a 'substantial,' and not just a 'conceivable,' likelihood of a

5

different result." United States v. Wines, 691 F.3d 599, 604 (5th Cir. 2012)(citing Harrington v. Richter, 131 S. Ct. 770, 787 (2011) and Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011)). Finally, because the petitioner must make both showings to obtain habeas relief, there is no requirement that a court "address both components of the inquiry if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697.

Mindful that "[s]urmounting Strickland's high bar is never an easy task",[2] the Court considers each asserted ground for habeas relief based on ineffective assistance of counsel.

Effron's first asserted ground for habeas relief is that his trial attorney was ineffective for failing to investigate a prior conviction that substantially increased his prison term. Effron has two prior Louisiana felony manslaughter convictions. The first conviction involved the shooting of Brian Vance, an incident that Effron alleges was an accident. Effron contends that his counsel should have investigated his first manslaughter conviction and argued that the shooting of Vance was not a crime of violence for career offender purposes.

The Court finds that no "reasonable probability" exists that, but for Effron's trial counsel's failure to challenge his prior manslaughter conviction, "the result of the proceeding

---

[2] Padilla v. Kentucky, 130 S. Ct. 1473, 1485 (2010)(citing Strickland, 466 U.S. at 689, 693)("Judicial scrutiny of counsel's performance must be highly deferential.").

would have been different." See Strickland, 466 U.S. at 694. Notably, this is a heavy burden that requires a substantial likelihood of a different result, which the Court finds does not to exist here. Wines, 691 F.3d at 604.

At the original sentencing, the Court's decision was largely rooted in the seriousness of the crimes for which the defendant was convicted in this Court, and the fact that the AK-47 firearm at issue contained 72 rounds of ammunition. Specifically, in the original sentencing the Court stated that

> the defendant is a dangerous person. He has two prior manslaughter convictions, and **he stands convicted in this Court of immensely serious drug and gun trafficking crimes. The firearm itself contained 72 rounds.** Because of the violent nature of this defendant and the serious nature of the crime of which he stands convicted in this Court and his two manslaughter convictions that are a part of his prior criminal record, this Court has chosen to impose the very serious sentence that I have just announced.

Moreover, regardless of whether Effron's trial counsel had challenged the prior manslaughter conviction, the Court could have still considered the conduct underlying the conviction. See 18 U.S.C. § 3661 (2006) ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."). Therefore, Effron is incorrect in asserting that if his trial counsel had properly investigated his prior manslaughter, the "fictitious prior offense . . . could not

7

[have] be[en] used by the prosecuting team or this court." The U.S. Supreme Court has stated that when a court is considering relevant conduct that would dramatically increase a defendant's sentence, the conduct may be considered so long as it is proven by a preponderance of the evidence. See United States v. Watts, 519 U.S. 148, 156 (1997) (per curium). Indeed, upon remand, when Effron asked this Court to impose a lesser sentence arguing that one of his manslaughter convictions was not a crime of violence, this Court imposed the same 360 month sentence considering all other factors of Section 3553(a). Cf. United States v. Hayes, 532 F.3d 349, 353-534 (5th Cir. 2008) (noting that the district court indicated that it would *not* have applied the career offender enhancement had it been presented with the additional fact that the two prior state felony convictions had been functionally consolidated). Therefore, Effron fails to meet the Strickland standard as to this submission.

Effron also asserts that his trial counsel abandoned him at the earliest stage of the proceedings (the plea-bargaining stage). Effron contends that his trial counsel could have negotiated a plea deal if he had investigated and challenged the prior manslaughter conviction. The Fifth Circuit has repeatedly stated that "'speculative and conclusory allegations'" are insufficient to raise a constitutional issue. United States v. Hall, 455 F.3d 508, 522 (5th Cir. 2006) (quoting United States v.

Pineda, 988 F.2d 22, 23 (5th Cir. 1993)). Moreover, Effron's conjecture that a plea deal would have materialized if his trial counsel had challenged his prior manslaughter conviction is unsupported by the case law on which he relies. Effron invokes Missouri v. Frye, 132 S. Ct. 1399 (2012), and Lafler v. Cooper, 132 S. Ct. 1376 (2012), for support that his counsel was ineffective at the plea-bargaining stage. Both cases have no application here. Unlike the circumstances in Frye, Effron does not claim that his counsel failed to communicate to him a more advantageous plea offer. Further, Effron does not submit that a plea was offered to him, which his attorney told him to reject, as in Lafler. Accordingly, the Court finds that Effron also fails to meet the Strickland standard as to this issue.

Effron claims that his counsel at his resentencing failed to prepare him adequately to take the stand. Specifically, Effron asserts that counsel never met with him to review the facts of his prior conviction or the police reports. Therefore, Effron contends, that he lacked credibility on the stand because he was unfamiliar with his prior statements and exhibits. Even taking Effron's allegations as true, "brevity of consultation time between a defendant and his counsel, alone, cannot support a claim of ineffective assistance of counsel." Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984) (citing Jones v. Wainwright, 604 F.2d 414, 416 (5th Cir. 1979)). Moreover, this Court's

reasons for sentencing do not suggest that a reasonable probability exists that Effron's sentence would or, indeed, could have been any less, given his serious crime of conviction, and a bad history of recidivism. See Strickland, 466 U.S. at 694. At resentencing, the Court stated that one of its reasons for not finding Effron credible was because he had been found with an AK-47 with 72 rounds of ammunition and one round in chamber. Effron's claim that his resentencing counsel did not adequately prepare him beforehand, and that he would have been more credible as a witness had she done so, is mere speculation that does not meet the Strickland standard. Effron's credibility focuses on his own outlaw nature, not his counsel's ability.

Finally, Effron contends that his resentencing counsel was ineffective because she failed to call Tyrone Ash as a witness, who would supposedly have testified that the Vance shooting was not a crime of violence. Effron submits that counsel refused to put Ash on the stand because Ash was serving a life sentence, which counsel felt would have given the wrong appearance. Not terribly flawed reasoning. The Fifth Circuit has also expressly stressed that "'[c]omplaints of uncalled witnesses are not favored because . . . allegations of what a witness would have testified are largely speculative.'" Boyd v. Estelle, 661 F.2d 388, 389 (5th Cir. 1981) (quoting Buckelew v. United States, 575 F.2d 515, 521 (5th Cir. 1978)). Moreover, the determination as to what witnesses to call is squarely within counsel's

professional judgment.  See Green v. Cockrell, 67 F. App'x 248 (5th Cir. 2003) ("A strategic or tactical decision not to call particular witnesses does not constitute ineffective assistance.").  Great deference is given to counsel's exercise of her professional judgment.  Bridge v. Lynaugh, 838 F.2d 770, 773 (5th Cir. 1988).  Effron patently fails to show how counsel's performance fell below an objective standard of reasonableness or that a reasonable probability exists that the result here would have been different had Ash been called.  See Strickland, 466 U.S. at 687-88.

In conclusion, IT IS ORDERED that Effron's 22 U.S.C. § 2255 motion to vacate, set aside, or correct sentence is DENIED; Effron's habeas petition is dismissed with prejudice.

New Orleans, Louisiana, January 3, 2013

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE